**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 95-5348

JEROME WASHINGTON, a/k/a
Hambone, a/k/a Ronald Jerome
Washington,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 95-5475

ALBERT JONES,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-94-291)

Submitted: September 10, 1996

Decided: September 23, 1996

Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Susan C. Buerkert, Alvin J. Neal, ALVIN J. NEAL & ASSOCIATES, Irmo, South Carolina; Frank A. Barton, James M. Mullis, Jr., MUL-LIS & BARTON, Columbia, South Carolina, for Appellants. Margaret B. Seymour, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Jerome Washington and Albert Jones were each charged in a twenty-count indictment. Washington pled guilty to distribution and possession with intent to distribute heroin and aiding and abetting in violation of 21 U.S.C. § 841(a)(6) (1988) and 18 U.S.C. § 2 (1988). Jones pled guilty to violating 18 U.S.C.A. § 4 (West Supp. 1996). We affirm their convictions and sentences.

Washington filed a pro se motion to withdraw his guilty plea and for withdrawal of counsel. The district court heard arguments on the motion. Washington argued that he was under the influence of methadone at the time he entered his guilty plea and was not able to think clearly. He also alleged that he did not receive effective assistance of counsel because he was not adequately informed of the consequences of his plea, specifically that relevant conduct was likely to increase his sentence. Additionally, he alleged that counsel did not explain how the amount of drugs attributed to him would be calculated and did not provide him with copies of motions and transcripts. The district court heard testimony from Washington and arguments of counsel and denied the motion.

At the sentencing hearing, Washington raised several objections to the presentence report. One of the objections, which he now presents

2

on appeal, is that he should be eligible for a two-level reduction for his role as a minor participant under USSG § 3B1.2. The district court denied the motion for a downward adjustment and sentenced him to imprisonment for 236 months and five years of supervised release.

Prior to Jones's sentencing, he moved for a downward departure based upon his age and infirmity. The court heard arguments on the motion at sentencing. At the conclusion of the hearing, the district court denied the motion.

On appeal, Jones argues that the district court erred in failing to grant a downward departure. Washington alleges on appeal that the district court erred by refusing to grant his motion to withdraw his guilty plea and failing to find him to be a minor participant under USSG § 3B1.2.

I

Albert Jones avers that the sentencing court erred in refusing to grant a downward departure for his age and infirmity. Defense counsel argued for a departure on this basis at sentencing, and the court denied it, finding that Jones did not demonstrate a proper justification or extraordinary medical condition. The sentencing court found a sentence within the range prescribed by the sentencing guidelines appropriate and sentenced Jones accordingly.

A sentencing court's refusal to grant a downward departure should not be reviewed on appeal unless the district court believed it had no discretionary authority to so depart. United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir. 1992). The record reflects that the district court considered the arguments of counsel on the issue and did not misapprehend its authority under the guidelines. The judge clearly knew that he had the authority to depart. Therefore, Jones's sentence within the guidelines range is not reviewable.

II

Washington argues that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's

refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Ewing, 957 F.2d 115, 119 (4th Cir.), cert. denied, 505 U.S. 1210 (1992). Rather, the defendant must present a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 32(e). The defendant carries the burden of establishing a fair and just reason for withdrawal, even if the government has not shown prejudice. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3460 (U.S. Dec. 12, 1994) (No. 94-6055). A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." Id. at 1393. However, an appropriately conducted Rule 11 proceeding raises a strong presumption that the guilty plea is final and binding. Id.

The court must balance several factors in determining whether to withdraw a guilty plea:

> (1) Whether the defendant has offered credible evidence that his plea was not knowing and voluntary;
>
> (2) Whether the defendant has credibly asserted his innocence;
>
> (3) Whether there has been a delay between the entering of the plea and the filing of the motion;
>
> (4) Whether the defendant has had close assistance of competent counsel;
>
> (5) Whether withdrawal will cause prejudice to the government;
>
> (6) Whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991).

4

Consideration of these factors weighs against Washington. Washington's main arguments are that he was not aware of what he was doing when he pled guilty because he was under the influence of methadone and tired from working all night the night before the hearing, and that he did not receive effective assistance of counsel. Washington's statements under oath in the Rule 11 proceeding, however, "constitute a formidable barrier" to finding an abuse of discretion by the district court in denying Washington's motion to withdraw his plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

At the Rule 11 proceeding, Washington stated to the court that he was presently taking methadone. The court inquired further and Washington responded that the medication did not affect his thinking. He responded affirmatively when the court asked him if he was clear-headed and knew what he was doing. Washington also received the opportunity to voice his concerns at the evidentiary hearing conducted on his motion to withdraw his plea. It is not apparent from the record that the district court abused its discretion in denying Washington's motion on this basis because Washington could not demonstrate an impairment that would overcome the statements he made under oath.

Washington also argues that his plea was not knowing and voluntary because he did not receive effective assistance of counsel. Specifically, he alleges that his attorney did not explain to him how the amount of drugs attributed to him would be calculated, that his plea was unsatisfactory because he received little or no benefit from pleading guilty, that his attorney did not explain to him what relevant conduct meant, and its effect on his sentence, and his attorney did not inform him of the actual maximum sentence until the Rule 11 hearing.

For ineffective assistance of counsel to constitute a fair and just reason to withdraw a guilty plea, it must be of a constitutional magnitude. Lambey, 974 F.2d at 1394. To constitute a fair and just reason, counsel's performance must fall "`below an objective standard of reasonableness,'" and prejudice must be shown by demonstrating that absent the substandard performance, "`there is a reasonable probability that [the Defendant] would not have pleaded guilty and would have insisted on going to trial.'" United States v. Craig, 985 F.2d 175,

5

179 (4th Cir. 1993) (quoting United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989)).

Washington's statements at the Rule 11 proceeding belie his allegations of ineffective assistance of counsel. Washington responded affirmatively when asked if he was satisfied with his lawyer's representation and whether his lawyer did everything that he asked him to do. He also responded that his attorney did not fail to do anything that he asked him to do. Further, he stated that he understood the consequences of pleading guilty. Finally, he agreed that his plea agreement did not contain a stipulation as to amount of drugs attributable to him.

The district court warned Washington of the consequences of his guilty plea. The court stated that Washington's maximum term of imprisonment would be for life, which included the consideration of relevant conduct. The district court also explained that in pleading guilty to the aiding and abetting count, he would be charged with what others did in relation to that count.

Washington ultimately entered his plea based upon information that the district court gave him: that his maximum term of imprisonment was life, what the consequences of pleading guilty would be, and that there was no stipulation as to the amount of drugs attributed to him. The record does not demonstrate, and Washington does not allege, that there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial without counsel's alleged errors. Without such a showing, a fair and just reason cannot be found. See Craig, 985 F.2d at 180.

Finally, the other factors under Moore may be considered. Washington never asserted his innocence, credibly or otherwise, and he delayed two months between entering his plea and moving the district court to withdraw his plea. The remaining two factors should be considered to be neutral because there is no evidence as to the degree of prejudice to the Government or inconvenience to the court. We find that there is not enough evidence appearing in the record to establish that the plea was not knowing and voluntary or that Washington presented a fair and just reason for withdrawal of his plea.

6

III

Finally, Washington argues that the district court should have granted him a two-level downward adjustment for being a minor participant in the offense. This court reviews a district court's decision not to adjust downward for a minor or minimal role in the offense under the clearly erroneous standard. United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991), vacated, 503 U.S. 931 (1992), reinstated, 977 F.2d 905 (4th Cir. 1992). Under USSG § 3B1.2, a court can grant a two-point downward adjustment if the defendant played a minor role in the offense. United States v. Brooks, 957 F.2d 1138, 1149 (4th Cir.), cert. denied, 505 U.S. 1228 (1992).

The district court did not clearly err in refusing to grant the adjustment. Washington's involvement did not comprise a single event, but an extended connection. At the Rule 11 proceeding Washington admitted that he sold drugs for the organization in two different areas. The Government also stated to the court that it had historical information regarding nine drug buys. Washington agreed with what the Government said it could produce. By his own admission at the sentencing hearing, Washington sold drugs on a daily basis for four months, and the organization that he participated in was trafficking eight bundles of heroin a day at least six days a week for a period of four months.

A drug seller in a drug conspiracy generally cannot be considered a minor participant. Id. In addition, Washington did not produce any evidence that he was less culpable than other participants. See United States v. Daughtrey, 874 F.2d 213, 216 (4th Cir. 1989). We therefore find that the district court did not err in denying a downward adjustment and refusing to classify Washington's role in the offense as that of a minor participant.

For these reasons, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED