**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Michael KOCHEKIAN,
Defendant–Appellant.**

No. 90–5090.

United States Court of Appeals,
Fourth Circuit.

Submitted April 29, 1992.

Decided Oct. 19, 1992.

Charles A. Lloyd, Lloyd & Lloyd, Greensboro, N.C., for defendant-appellant.

Robert H. Edmunds, Jr., U.S. Atty., Benjamin H. White, Jr., Asst. U.S. Atty., Greensboro, N.C., for plaintiff-appellee.

Before HALL, Circuit Judge, HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.

OPINION

PER CURIAM:

By order dated March 23, 1992, the United States Supreme Court remanded this case for further consideration in light of *United States v. Williams*, 503 U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). The panel opinion, found at 938 F.2d 456 (4th Cir.1991), is hereby reinstated.

*United States v. Kochekian*, 938 F.2d 456 (4th Cir.1991), involved a defendant's challenge to the district court's upward departure from the applicable range under the United States Sentencing Guidelines (U.S.S.G.). A panel of this court found that the district court had relied upon one improper and two proper reasons in imposing sentence upon the defendant. We invalidated the district court's reliance upon the improper reason, but concluded that such invalidation did not require remand for resentencing because (1) the sentence imposed was reasonable and (2) the district court was justified in imposing the sentence based upon the two valid reasons standing alone. *Id.* at 465.

The matter was vacated by the United States Supreme Court and remanded to this court for further consideration in light of *United States v. Williams,* 503 U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). We have reviewed our original opinion and conclude that it is in compliance with the requirements of *Williams.* Accordingly, we reinstate the original judgment of this court in this matter.

In *Williams,* the Supreme Court ruled that where upward departure is premised on both valid and invalid factors, an appeals court may affirm the sentence, provided (1) the court is persuaded that the district court would have imposed the sentence absent the erroneous factor, and (2) the court is satisfied that the departure is reasonable. *See* 503 U.S. at ——, 112 S.Ct. at 1121. As indicated earlier, this court's original opinion clearly states that the sentence imposed was reasonable. 938 F.2d at 463–464.

Regarding the other consideration under *Williams,* the Supreme Court instructed:

When a district court has intended to depart from the Guideline range, a sentence is imposed as "a result of" a misapplication of the Guidelines if the sentence would have been different but for the district court's error. Accordingly, in determining whether a remand is required [ ], a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors.... [O]nce the court of appeals has determined that the district court has misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.

503 U.S. at ———-——, 112 S.Ct. at 1120–21.

In our original opinion, after stating that the sentence imposed was reasonable, we concluded that, despite the improper consideration, "the district court was still justified in departing from the Guidelines based on two other [valid] factors it cited....

[The] departure [was] well within the range of departure permitted by those additional factors." 938 F.2d at 465.

Having viewed the record as a whole, we essentially concluded that the district court's reliance upon the invalid factor was harmless error—that "but for" the court's consideration of the invalid factor, the same sentence would have been imposed by the district court based upon the valid considerations standing alone.

This, we believe, is in accordance with what the Supreme Court instructed in *Williams* as the proper course of inquiry for appellate courts under these circumstances. For these reasons, remand to the district court is not necessary and our original opinion is hereby REINSTATED.