46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Bruce SAMUELS, a/k/a Banner, a/k/a Bruce Bynum, a/k/a
Briscoe Samuels, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James E. CARR, a/k/a Jimbo, Defendant-Appellant.
 Nos. 93-5963, 93-5964.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 10, 1995.
Decided: February 2, 1995.
 
 W. Thurston Harville, Norfolk, VA; Jesse E. Demps, Eric O. Moody & Associates, P.C., Portsmouth, VA. for appellants. Helen F. Fahey, U.S. Atty., Carol M. Marx, Special Asst. U.S. Atty., Norfolk, VA, for appellee.
 Before HALL and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Defendants Bruce Samuels and James Carr appeal their convictions of conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. Sec. 846 (1988) and 18 U.S.C. Sec. 2 (1988). Both Samuels and Carr maintain that the court erred in determining the drug amounts to be used in determining their sentences. Additionally, Samuels claims the evidence was insufficient to prove he participated in a conspiracy, and he appeals his two-point enhancement under United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(c) (Nov.1992), as a leader or organizer of the conspiracy.
 
 
 2
 Samuels and Carr were indicted in a forty-nine count indictment for conspiracy to distribute narcotics, and various other counts of distribution and possession with intent to distribute cocaine, cocaine base, and heroin. Samuels and Carr were found guilty in a trial by jury. Samuels was found guilty of counts one and twenty-nine of the indictment: conspiracy and possession with intent to distribute cocaine. Carr was found guilty of counts one, twenty-seven, and twenty-eight of the indictment: conspiracy, interstate travel in aid of narcotics distribution, and possession with intent to distribute cocaine.
 
 
 3
 The Defendants' claim that the district court erred in attributing drugs from their co-conspirators to them for sentencing purposes is without merit. In a cocaine conspiracy, the amount of drugs which can be attributed is based upon all the acts of a defendant plus all the reasonably foreseeable acts of others in furtherance of the conspiracy. United States v. McManus, 23 F.3d 878, 885 (4th Cir.1994). Based on the trial testimony of a co-conspirator regarding Samuels' participation in the conspiracy, as well as on evidence adduced at the sentencing hearing, the trial court could find by a preponderance of the evidence that the amounts of cocaine, cocaine base, and heroin that the district court attributed to him was reasonably foreseeable and within the scope of his agreement.
 
 
 4
 Likewise, the district court could properly find from the trial testimony as well as on evidence adduced at the sentencing hearing, that Carr should be held accountable for the cocaine base attributed to him in paragraph seventy of the presentence report. Even if the district court improperly attributed drugs from paragraph seventy-eight of the presentence report to Carr, his sentence under the guidelines does not change. Therefore, any error was harmless and resentencing is unnecessary. United States v. Uwaeme, 975 F.2d 1016, 1018 & n. 8 (4th Cir.1992); see United States v. Kochekian, 977 F.2d 905, 906 (4th Cir.1992).
 
 
 5
 Samuels' claim that there was insufficient evidence to support his conviction for conspiracy is equally without merit. To sustain the conviction, the evidence when viewed in the light most favorable to the government must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993). Testimony of a co-conspirator provided evidence of Samuels' participation in the conspiracy, and a jury could have found the elements of the crime beyond a reasonable doubt; therefore, the evidence was sufficient.
 
 
 6
 Finally, Samuels contests the two-point sentence enhancement pursuant to U.S.S.G. Sec. 3B1.1(c) for being an organizer or leader of the conspiracy. The evidence presented at trial and at sentencing clearly established that Samuels had a leading role in the purchasing and distribution of the drugs involved in the conspiracy. Because the district court's conclusion that Samuels was a leader was not clearly erroneous, the two-point sentencing enhancement under U.S.S.G. Sec. 3B1.1(c) is upheld.
 
 
 7
 Accordingly, both Samuels' and Carr's convictions and sentences are affirmed. Carr's motion for substitution of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED