54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robin FLEMING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lloyd PROCTOR, Defendant-Appellant.
 Nos. 94-7437, 94-7438.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1995.
Decided May 22, 1995.
 
 Robin Fleming, Kevin Lloyd Proctor, appellants pro se.
 Laura Marie Everhart, Assistant United States Attorney, Norfolk, VA, for appellee.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robin Fleming and Kevin Proctor appeal their criminal sentences. Fleming and Proctor contend that the district court misapplied the sentencing guidelines in resentencing them. We consolidate their appeals and affirm.
 
 
 2
 Fleming and Proctor pled guilty to one count of conspiracy to distribute and possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. Sec. 846 (1988). In their plea agreements, Fleming and Proctor stipulated that the amount of cocaine reasonably foreseeable to them was not less than 500 grams and not more than 2 kilograms. In sentencing Fleming and Proctor, the district court imposed the 120 month statutory minimum required for offenses involving more than five kilograms of cocaine. 21 U.S.C.A. Sec. 841(b)(1)(A) (West Supp.1995). On October 1, 1993, the United States filed a Motion for Reduction of Sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. The district court granted the motion and reduced the sentences by thirty-five percent, from one hundred-twenty months to seventy-eight months.
 
 
 3
 Fleming and Proctor filed Sec. 2255 motions to correct their sentences. The district court granted the motions, finding that, under recent decisions of this Court, the mandatory minimum imposed upon Fleming and Proctor should have been calculated according to the amount of cocaine reasonably foreseeable to them, rather than the total amount of cocaine attributed to the conspiracy.[1] The district court concluded that the amount of cocaine reasonably foreseeable to Fleming and Proctor was not less than 500 grams and not more than two kilograms. On November 7, 1994, the district court resentenced Fleming and Proctor to the sixty month statutory minimum required for offenses involving more than 500 grams of cocaine. 21 U.S.C.A. Sec. 841(b)(1)(B). Once again, the United States moved for a Rule 35(b) reduction. The district court granted the motion and reduced the sentences by thirty-five percent, from sixty months to thirty-nine months. Fleming and Proctor appealed.
 
 
 4
 On appeal Fleming and Proctor claim that the district court erred in refusing to apply the sentencing guidelines that were in effect when they were resentenced. Fleming and Proctor contend that the district court should have applied USSG Sec. 5C1.2, effective September 23, 1994.[2] This new guideline provides that when a defendant meets specific criteria, the district court is required to impose the applicable guideline range instead of the statutory minimum.
 
 
 5
 If this Court were to conclude that the district court misapplied the guidelines, remand would be appropriate unless this Court further concluded that the error was harmless, i.e. that the district court would have imposed the same sentence regardless of the error. United States v. Kochekian, 977 F.2d 905, 906 (4th Cir.1992). It appears from the record that Fleming and Proctor would likely have qualified for the exception from the mandatory minimum if the new guideline were applied to their cases. Additionally, in both cases either all or part of the applicable guideline range fell below the sixty-month statutory minimum.[3] However, because the district court granted the Government's Rule 35 motion and resentenced Fleming and Proctor below their guideline range to thirty-nine months each, Fleming and Proctor were not prejudiced by the district court's failure to apply the new guideline section. Therefore, because the error, if any, was harmless, we affirm the order of the district court.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 In United States v. Gilliam, 987 F.2d 1009, 1012-13 (4th Cir.1993), this Court held that quantities of drugs attributable to one conspirator may not necessarily be attributed to others. This Court further held that a plea to an indictment charging a specified quantity was not sufficient to attribute that quantity to the defendant. The Government bears the burden of proving the quantity by a preponderance of the evidence. In United States v. Irvin, 2 F.3d 72, 77-78 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994), this Court held that the district court must apply the relevant conduct section of the Sentencing Guidelines to determine the quantity of drugs reasonably foreseeable to each coconspirator within the scope of his agreement in order to calculate what, if any, statutory minimums apply
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1994)
 
 
 [3]
 The applicable guideline range for Fleming was forty-six to fifty-seven months. The applicable guideline range for Proctor was fifty-one to sixty-three months