64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd McSWINE, Defendant-Appellant.
 No. 94-5499.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1995.
Decided Aug. 18, 1995.
 
 Richard A. Davis, Charlottesville, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, VA, for Appellee.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Todd McSwine was convicted by a jury of conspiracy to commit wire fraud, 18 U.S.C.A. Sec. 1343 (West Supp.1995), Sec. 371 (West 1966 & Supp.1995). He appeals his conviction, arguing that the evidence was insufficient. He also appeals his 30-month sentence on the grounds that the district court clearly erred in finding that he was more than a minimal or minor participant, USSG Sec. 3B1.2,* and in enhancing his sentence for more than minimal planning. USSG Sec. 2F1.1(b)(2). We affirm.
 
 
 2
 McSwine's co-defendant, Candace Walker, conducted a telemarketing scam from her home near Chicago, Illinois. After an investigation into her activities by the Federal Bureau of Investigation (FBI), she pled guilty to conspiracy and wire fraud. Walker instructed her victims to wire money by Western Union to various people whom she identified as "auditors," one of whom was McSwine. Between November 1991 and August 1992, McSwine cashed forty-three Western Union wire transfers from victims in Virginia and Ohio; the total amount was $12,658.78. At McSwine's trial, Walker testified as a defense witness. She said McSwine was not involved in the fraud scheme and did not know the origin of the funds.
 
 
 3
 McSwine admitted cashing the wire transfers under Walker's direction and being paid by her each time, but testified that he did not know the money was fraudulently obtained. He said he did it as a favor to Walker without asking her any questions. On cross examination, McSwine admitted that he knew Walker was not employed. He denied telling the FBI agent that Walker offered gimmicks to get her customers to send money. McSwine said the statement must have been made by his brother, another "auditor" who also cashed wire transfers for Walker.
 
 
 4
 A jury's verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it.
 
 
 5
 Glasser v. United States, 315 U.S. 60, 80 (1942). The jury's estimate of McSwine's and Walker's credibility, on which the verdict necessarily turned, is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Given that the jury found their testimony not credible, the evidence was sufficient to support the verdict.
 
 
 6
 McSwine argues that he was a minimal or minor participant in the offense because his only contribution was to cash money transfers for Walker. In determining whether a defendant has had a minor or minimal role, "[t]he critical inquiry is ... not just whether the defendant has done fewer 'bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Palinkas, 938 F.2d 456, 460 (4th Cir.1991), vacated, 503 U.S. 931 (1992), reinstated, 977 F.2d 905 (4th Cir.1992). Adopting the probation officer's recommendation, the district court found that McSwine's conduct was essential to the commission of the offense, particularly in view of the large number of times he cashed wire transfers for Walker and the length of time (9 months) that he participated. We find that the district court did not clearly err in so deciding.
 
 
 7
 "More than minimal planning" is deemed present in any offense involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. USSG Sec. 1B1.1, comment. (n.1(f)). McSwine contends that each time he cashed a wire transfer for Walker the act was merely opportune. The district court did not clearly err in finding otherwise.
 
 
 8
 We therefore affirm the conviction and the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)