73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald ESTRADA, Defendant-Appellant.
 No. 94-5728.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 25, 1995.
Decided Dec. 7, 1995.
 
 William E. Bufalino, II, BUFALINO & PALAZZOLO, Clinton Township, Michigan, for Appellant. William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald Estrada pled guilty to conspiracy to distribute and to possess with intent to distribute marijuana, 21 U.S.C.A. Sec. 846 (West Supp.1995). He appeals his sentence of 30 months imprisonment, contending that the district court clearly erred in finding that he had more than a minimal role in the offense, USSG Sec. 2B1.2(a),[1] and in not enforcing his plea agreement by compelling the government to move for a substantial assistance departure. USSG Sec. 5K1.1. We affirm.
 
 
 2
 Estrada and his wife, Anna Estrada, were arrested in Michigan two days after they drove a motor home from California, where they had a residence, to Texas, where the motor home was loaded with 160 pounds of marijuana, to West Virginia, where the marijuana was turned over to Carlos Cadessus-Sandez and ultimately sold by him to Eric Walton. Following their arrest, the Estradas immediately agreed to plead guilty[2] and cooperate in the hope of receiving a substantial assistance departure at sentencing. Estrada's plea agreement did not promise a substantial assistance motion, however, and the accompanying letter which was sent to his attorney emphasized that the government could not promise a motion under section 5K1.1.
 
 
 3
 At Estrada's sentencing hearing, his attorney first argued that Estrada was a minimal participant in the conspiracy. Although the government did not oppose the adjustment, the district court found that Estrada's conduct was material to the offense and denied the adjustment. Estrada argues on appeal that he was a minimal partici pant because his involvement lasted a short time considering the length and scope of the conspiracy, and because he knew no conspirators other than his wife and Sandez.
 
 
 4
 A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of the group." USSG Sec. 3B1.2, comment. (n.1). The defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative" of a minimal role. Id. In United States v. Palinkas, 938 F.2d 456, 460 (4th Cir.1991), vacated, 503 U.S. 931 (1992), reinstated, 977 F.2d 905 (4th Cir.1992), this court held that "the critical inquiry is ... not just whether the defendant has done fewer 'bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." Adjustments are determined on the basis of relevant conduct. USSG Sec. 1B1.3(a). Given that Estrada's relevant conduct included only the shipment of marijuana in which he participated (the jointly undertaken criminal activity), his contribution was indeed essential to the success of the undertaking. Therefore, the district court was not clearly erroneous in finding that he had more than a minimal role.
 
 
 5
 Estrada's attorney did not argue in the district court that the government's failure to move for a departure constituted a breach of the plea agreement. Defense counsel presented testimony from California Department of Justice Agent John Proveaux concerning Estrada's attempt to provide substantial assistance. Agent Proveaux testified that the Estradas both agreed to cooperate following their arrest, and returned to California to work with him.[3] He said they cooperated to the best of their ability, and were regular and truthful in the information they provided. However, their assistance did not result in any arrests or prosecutions.
 
 
 6
 Estrada's attorney acknowledged that a section 5K1.1 motion was "completely the government's province." The government did not move for a substantial assistance departure, and Estrada was sentenced to 30 months, the low point of his guideline range. On appeal, Estrada argues that the plea agreement obligated the government to move for a departure and should have been enforced. Because Estrada did not attempt to enforce the plea agreement in the district court, his claim that the government failed to live up to its obligations is reviewed for plain error. Fed.R.Crim.P. 52(b); United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 7
 Estrada argues that the government was obligated to move for a departure under Santobello v. New York, 404 U.S. 257, 261 (1971) (promises which induce guilty plea must be fulfilled). However, the government did not promise to move for a substantial assistance departure in Estrada's plea agreement and made clear in the letter accompanying the proposed agreement that a motion could not be promised. On these facts, Estrada cannot argue that his plea was induced by a government promise for a substantial assistance motion, or that a contract for such a motion existed, whether express or implied. The government did promise to inform the sentencing court of Estrada's truthfulness and to recommend a sentence at the low end of the guideline range. These promises were carried out.
 
 
 8
 Absent a government motion for a departure, a district court generally does not consider whether a defendant's cooperation has resulted in substantial assistance deserving of a departure. United States v. Francois, 889 F.2d 1341, 1344-45 (4th Cir.1989), cert. denied, 494 U.S. 1085 (1990). When the government has promised a motion in return for substantial assistance and fails to move for a departure, the district court may inquire into a possible breach of the plea agreement; this necessarily requires the court to determine whether the defendant has given substantial assistance. United States v. Conner, 930 F.2d 1073, 1076-77 (4th Cir.), cert. denied, 502 U.S. 958 (1991). However, because the government made no promise in Estrada's plea agreement or otherwise, Conner does not apply.
 
 
 9
 Estrada argues that the government's refusal to move for a departure after he did all he could to cooperate was arbitrary, and therefore unconstitutional. When there is no promise for a departure, the district court may review the government's failure to move for a departure and grant relief in two circumstances: when the decision not to move for a departure is based on an unconstitutional motive, such as race or religion, or when the decision is not rationally related to a legiti mate government objective. Wade v. United States, 504 U.S. 181, 185-86 (1992).
 
 
 10
 Under Wade, the defendant must make a substantial threshold showing of such a claim. 504 U.S. at 186. Estrada made no showing in the district court that either of these circumstances were present. He relied entirely on evidence of his efforts to provide substantial assistance, which is not a sufficient basis for the district court to compel a section 5K1.1 motion by the government. Wade, 504 U.S. at 187.
 
 
 11
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Anna Estrada was charged with smuggling goods into the United States
 
 
 [3]
 The Estradas apparently had a residence in Lomita, California, and at the time of their arrest were selling the house they owned in Michigan so they could move to California