**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4051

TERRENCE LEMON CRAWFORD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4059

ANTRON DEWAYNE EVANS,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-164)

Submitted: July 28, 1998

Decided: September 1, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Darwin Littlejohn, LITTLEJOHN & DRAPER, P.C., Winston-Salem, North Carolina; Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Timika Shafeek, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terrence Lemon Crawford and Antron Dewayne Evans each entered a guilty plea to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C. § 846 (1994). The district court sentenced Crawford to a term of 140 months imprisonment and Evans to a term of 157 months imprisonment. Both appeal their sentences, contesting the court's decision to enhance their sentences for possession of a firearm during the offense. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997). Evans also argues that the district court clearly erred in finding that he had more than a minor role in the offense. See USSG § 3B1.2. We affirm.

A confidential informant made five controlled purchases of crack from Crawford between March and July 1997. The first three transactions took place at the apartment Crawford had shared with Evans for three years.* During the second transaction, Evans retrieved the crack from a bedroom. The last three transactions occurred away from the

_____

*In February 1997, Crawford began staying at his mother's house but continued to maintain a presence in the apartment and share the expenses.

2

apartment. Evans delivered the crack twice and Crawford once. When the apartment was searched, twenty-six grams of crack were found in the freezer section of the refrigerator. A stolen pistol was on a shelf in Evans' room behind a VCR; the pistol proved to be inoperable.

At sentencing, Evans argued that he was a minor participant in the offense. He claimed that Crawford obtained the crack and that Crawford paid him only minimally to make deliveries. However, Evans testified that, besides delivering to customers, he also collected money owed to Crawford and cut crack into smaller amounts to suit customers when necessary. A minor participant is one who is less culpable than most other participants. See USSG§ 3B1.2, comment. (n.4). In determining whether a defendant had a minor or minimal role in the offense, "[t]he critical inquiry is . . . not just whether the defendant has done fewer `bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991), vacated, 503 U.S. 931 (1992), reinstated, 977 F.2d 905 (4th Cir. 1992). Because Evans played an active role which contributed to the success of the conspiracy, his conduct was material to the offense, if not essential. Consequently, the district court's decision to refuse the adjustment was not clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989) (standard of review).

Crawford and Evans both contest, but on different grounds, the two-level enhancement they received for the pistol found in Evans' bedroom. Evans contends that the enhancement was not warranted because the pistol had a broken firing pin, was not carried by him in making deliveries, and thus was not connected to the offense. The enhancement should be made "if the weapon was present during the offense, unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n.3). When the weapon is discovered in a place where the conspiracy is carried on, a connection to the offense is sufficiently established. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). Moreover, an object that appears to be a dangerous weapon, i.e., an instrument capable of inflicting death or serious bodily injury, should be treated as a dangerous weapon. See USSG §§ 1B1.1, comment. (n.1(d), 2D1.1, comment. (n.3)). Therefore, the enhancement was not clearly erroneous in Evans' case. In Crawford's case, the district court found that it was

reasonably foreseeable to him that Evans would have a firearm in the apartment where crack was stored and sold. This finding was not clearly erroneous. See United States v. Nelson , 6 F.3d 1049, 1056 (4th Cir. 1993); United States v. White, 875 F.2d 427, 433 (4th Cir. 1989).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4