**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

LORI NICOLE CUMMINGS,
  *Defendant-Appellant.*

No. 00-4428

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-12)

Submitted: December 20, 2000

Decided: January 24, 2001

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Lori Cummings was convicted pursuant to her guilty plea for inter-state travel to promote drug trafficking, in violation of 18 U.S.C. § 1952(a) (1994), and aiding and abetting, 18 U.S.C. § 2 (1994). Cummings was sentenced to fifty-four months of incarceration with three years of supervised release. Her incarceration period was reduced to forty-one months when the district court, at resentencing, found that Cummings was entitled to a safety valve reduction under *U.S. Sentencing Guidelines Manual* § 2D.1(b)(6) (1998). Cummings appeals the sentence imposed on resentencing, asserting that she is entitled to a two-level adjustment as a minor participant under USSG § 3B1.2(2).

In 1995, Cummings became a girlfriend of Calvin Dyess. Over the next three years, Cummings, Dyess, and Dyess' associates made four drug purchasing trips. Cummings claimed that during the first three trips she was unaware of illegal motives or activities, but the district court found Cummings unconvincing. Cummings admits to knowing that the purpose of the fourth trip was to purchase and transport drugs. On these four trips, Cummings drove her car from West Virginia to New Jersey, where her car would be filled with drugs while she waited in a hotel, and she would then drive herself, Dyess' associates, and the drugs back to West Virginia. On the fourth trip, to which Cummings admits knowing involvement in interstate drug trafficking, Cummings drove part of the return trip home, transporting a brick of cocaine powder weighing approximately two kilograms. The district court found that Cummings was involved in these criminal activities either knowingly or with willful blindness to their criminal nature.

On appeal, Cummings must show that the district court clearly erred in declining to award her a two-level reduction for her role in the offense. *United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir.

1989); *see United States v. Reavis*, 48 F.3d 763, 770 (4th Cir. 1995). This Cummings cannot do.

To qualify for a minor participant reduction, a defendant must be "less culpable than most other participants [in the offense]." USSG § 3B1.2, cmt. n.3. However, if a defendant is convicted of a significantly less serious offense than is warranted by her criminal conduct, she is not ordinarily entitled to a reduction. USSG § 3B1.2, cmt. n.4. Additionally, to assess culpability, "courts not only compare the defendant's culpability to that of other participants, but also 'measur[e] each participant's individual acts and relative culpability against the elements of the offense of conviction.'" *Reavis*, 48 F.3d at 769 (quoting *Daughtrey*, 874 F.2d at 216). In conducting this analysis, courts look to whether "the defendant's conduct is material or essential to committing the offense." *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999), *cert. denied*, ___ U.S. ___, 120 S. Ct. 1714 (2000) (quoting *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991), *judgment vacated on other grounds by Kochekian v. United States*, 503 U.S. 931 (1992), *op. reinstated by United States v. Kochekian*, 977 F.2d 905 (1992)).

Here, Cummings was charged only with interstate travel to promote drug trafficking, rather than a more serious charge of conspiracy. Thus, even though her involvement in the drug trafficking was less serious than that of Dyess and other members of the conspiracy, she was charged with and convicted of an offense less serious than that faced by the most culpable members of the conspiracy. Further, Cummings was a primary participant in transporting the drugs, the offense for which she was convicted. Thus, we conclude that the district court did not err in declining to apply the minor role adjustment.

We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*