**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4214**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAVIER ANDRADE PADILLA, a/k/a Frank, a/k/a
Anthony M. Frank, a/k/a Frank Padilla, a/k/a
Javier Padilla-Padilla,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Chief
District Judge. (CR-02-94)

———————

Submitted: September 22, 2004        Decided: November 1, 2004

———————

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eric A. Bach, Charlotte, North Carolina, for Appellant. Gretchen
C. F. Shappert, United States Attorney, Jennifer Marie Hoefling,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Following a guilty plea to one count of conspiracy to possess with intent to distribute and distribute marijuana, cocaine, and cocaine base, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2004), and one count of conspiracy to import marijuana, in violation of 21 U.S.C.A. §§ 952, 960, 963 (West 1999 & Supp. 2004), Javier Andrade Padilla was sentenced to concurrent seventy-eight month prison terms. Padilla appeals, contending that he was entitled to a reduction in offense level pursuant to U.S. Sentencing Guidelines Manual § 3B1.2(b) (2003), for having a minor role in the offense. Finding no merit to his claim, we affirm.

This court reviews for clear error a district court's determination regarding the defendant's role in the offense. United States v. Lipford, 203 F.3d 259, 272 (4th Cir. 2000) (stating standard of review). A defendant seeking a mitigating role adjustment under § 3B1.2 bears the burden of proving by a preponderance of the evidence that he is entitled to the adjustment. United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001). A defendant may play a minor role if he is less culpable than most other participants but has more than a minimal role. USSG § 3B1.2, comment. (n.3). However, the court should not only compare the defendant's culpability to that of the other participants, but also measure it against the elements of the

- 2 -

offense of conviction.  United States v. Reavis, 48 F.3d 763, 769 (4th Cir. 1995).  "The critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than [his] codefendants, but whether the defendant's conduct is material or essential to committing the offense."  United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991), vacated, 503 U.S. 931 (1992), reinstated, United States v. Kochekian, 977 F.2d 905 (4th Cir. 1992).

Padilla was involved in a conspiracy that engaged in the transportation of large quantities of marijuana and cocaine from Guadalajara, Mexico, to North Carolina.  When the drugs arrived in North Carolina, they were taken to various stash houses for subsequent distribution.  Padilla denied knowledge of a plan to off-load the shipment of 3165 pounds of marijuana in March 2002. He claimed actual knowledge of only several hundred kilograms of marijuana in a conspiracy involving more than 20,000 kilograms of marijuana.

The evidence showed that, after drugs were imported to the United States and before they were distributed, Padilla provided a necessary link in the conspiracy by providing predistribution storage for the drugs.  We therefore find that Padilla was not entitled to a minor participant adjustment.  See United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999) (stating that minor participant adjustment unavailable to defendant whose conduct was material or essential to commission of offense).

Furthermore, Padilla did not dispute the statement in the presentence report that he was one of the conspirators who bid on drugs for the leader of the conspiracy, visited stash houses, delivered drugs, and collected money.  We find that, under this set of facts, Padilla is not a minor participant.  <u>United States v. Brooks</u>, 957 F.2d 1138, 1149 (4th Cir. 1992).  We therefore conclude that the district court did not clearly err in determining that Padilla did not qualify for a reduction in offense level under USSG § 3B1.2.

Accordingly, Padilla's sentences are affirmed.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>