**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4426**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MISSY SMITH,

                Defendant - Appellant.

---

**No. 07-4451**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

STACY C. SMITH,

                Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:05-cr-00028-gec)

---

Submitted: October 22, 2008       Decided: December 2, 2008

---

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joseph Graham Painter, Jr., JOSEPH GRAHAM PAINTER, JR., P.C., Blacksburg, Virginia; Steven Paul Hanna, Richmond, Virginia, for Appellants.  John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Missy Smith and Stacy Smith[*] were convicted of conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846 (2000). They appeal on separate grounds from their convictions and sentences. We affirm.

Missy Smith argues that the district court erred in denying her motion for judgment of acquittal, Fed. R. Crim. P. 29, because the Government did not present sufficient evidence that she was personally involved in the distribution, rather than consumption, of more than 500 grams of methamphetamine. She also contends that the Government did not present sufficient evidence to prove that Smith's knowledge of her coconspirators' activities made it foreseeable to her that the conspiracy would be responsible for the distribution of more than 500 grams of methamphetamine.

We review de novo the district court's decision to deny a Rule 29 motion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks and citation omitted). In determining whether the

---

[*]The defendants are not related.

- 3 -

evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). "A defendant challenging the sufficiency of the evidence . . . bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks and citation omitted). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

At trial, the government presented extensive and corroborating evidence that supported the jury's verdict against Missy Smith. In summary, this included the following: Martin Garcia, a codefendant, testified that, for six months, he sold two ounces of methamphetamine per week to Missy Smith. Smith was aware that another codefendant, Rigo Martinez, supplied methamphetamine to Garcia, and she also purchased distribution quantities of methamphetamine from codefendants Terry Bartlett, Gary Todd, Tabitha Isom, and Lisa Alley. Smith knew that Bartlett, Todd, and Alley were being supplied with methamphetamine by Garcia, and that Isom was being supplied by Garcia and Martinez. Taken together,

the testimony of Isom, Alley, Bartlett, and Todd provided evidence that Smith was selling methamphetamine and paying for her own purchases with the proceeds. Dustin Harmon, a Special Agent with the Drug Enforcement Administration, testified that in his opinion, based upon his experience investigating methamphetamine dealers and users, the quantities of methamphetamine that Smith purchased were consistent with resale distribution, and not with personal consumption alone. The testimonial evidence at trial was sufficient to prove that Missy Smith was conspiring to distribute, rather than solely consuming, methamphetamine, and that sales of at least 500 grams of methamphetamine were reasonably foreseeable to her. See Pinkerton v. United States, 328 U.S. 640, 647-48 (1946).

Stacy Smith raises five claims on appeal. First, Smith contends that the district court should have dismissed a prospective juror who was ultimately seated on the jury because she was married to a police officer who was involved in a case that Smith's counsel was working on.

A trial judge's decision regarding whether to remove a juror for cause will not be overruled except for a "manifest abuse of . . . discretion." Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989). A district court's determination not to excuse a juror for cause is entitled to "special deference." Patton v. Yount, 467 U.S. 1025, 1038 (1984). The critical issue in deciding a challenge for cause is whether the juror "could be fair and impartial and

decide the case on the facts and law presented." United States v. Capers, 61 F.3d 1100, 1105 (4th Cir. 1995). A challenge to a juror for cause is usually limited to demonstrations of actual bias, with the doctrine of implied bias applying only to "extreme situations" where the circumstances make it highly unlikely that the average person could remain impartial. United States v. Turner, 389 F.3d 111, 117 (4th Cir. 2004).

The district court questioned the prospective juror regarding her potential bias and she answered that she could be fair and impartial. The juror's relationship does not rise to the level of an "extreme situation" that would imply she was unlikely to remain impartial. Accordingly, the district court did not abuse its discretion in denying Smith's motion to strike.

Next, Smith argues that the district court erred in refusing to allow his counsel to interview a juror who expressed concern to the court that the jury did not deliberate objectively and with adequate consideration.

"[C]ourts have consistently rejected juror affidavits or testimony about mental processes unless 'extraneous prejudicial information' or 'outside influence' is clearly present." United States v. Acker, 52 F.3d 509, 516 (4th Cir. 1995). Smith has made no showing of "extraneous prejudicial information" or "outside influence" being brought to bear on any juror. Therefore, the district court did not err in denying Smith's motion for permission

to interview the juror who expressed concern to the court. See Tanner v. United States, 483 U.S. 107, 119-28 (1987) (finding efforts to impeach jury verdicts by post-trial contact with such jurors are disfavored); United States v. Gravely, 840 F.2d 1156, 1159 (4th Cir. 1988) (upholding the denial of a defendant's request to interview jurors to determine if the pressure or lack of adequate time for deliberation was self imposed or the result of outside influence because the defendant made no threshold showing of improper outside influence).

Next, Smith contends that the district court erred in denying his motion for a new trial based upon newly discovered evidence. The new evidence consisted of Isom's statement regarding her testimony at Smith's trial, made to Alley and Kimberly Perry, another witness and codefendant, in their shared cell after Isom testified. Isom exclaimed when she was returned to the cell that she "could not believe" two of the questions that she was asked. Alley and Perry did not respond to Isom. Smith argues that he could have used the evidence to impeach their credibility because both Isom and Alley testified on the following day that they had not discussed their testimony with anyone. When questioned regarding her statements in the cell, Isom did not deny making the statements, but answered that she did not believe she had discussed the case with anyone when she was questioned at trial because her cellmates did not respond to her statements in any way. Isom

explained that her understanding of the word discussion is that it involves "people talking back and forth." Perry testified that she did not recall Isom's statements to her.

A district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict.'" United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (quoting United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997). This court reviews the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995). In order to warrant a new trial based on newly discovered evidence, a defendant must show that: (1) the evidence is newly discovered; (2) the defendant used due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at a new trial. United States v. Lofton, 233 F.3d 313 (4th Cir. 2000). Unless the defendant demonstrates all five of these factors, the motion should be denied. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989).

Because the evidence at issue would not have resulted in an acquittal at a new trial, but was merely impeachment evidence of

relatively minor significance, the district court did not abuse its discretion in denying Smith's motion for a new trial.

Smith next argues that the district court erred in enhancing his offense level for obstruction of justice, based upon its finding that Smith gave materially false testimony on the stand, because the district court did not make adequate findings concerning his alleged perjury.

The sentencing court must impose a two-level adjustment under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2007) if the defendant willfully obstructed or impeded the administration of justice during the investigation, prosecution, or sentencing of the offense of conviction and any relevant conduct relating to the offense of conviction. The adjustment applies when the district court determines that a defendant committed perjury. USSG § 3C1.1, comment. (n.4(b)); see also United States v. Dunnigan, 507 U.S. 87, 94 (1993). The adjustment for perjury is not applicable merely because the defendant testified and was subsequently convicted. Id. at 95. The court must find that the defendant gave false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 94; United States v. Smith, 62 F.3d 641, 646-47 (4th Cir. 1995). When the sentencing court finds that a defendant has committed perjury, it is preferable if the court addresses all the elements of perjury

separately and clearly, but a finding that "encompasses all of the factual predicates for a finding of perjury" is sufficient. Dunnigan, 507 U.S. at 95.

The district court found, based upon the weight of other testimonial evidence presented at trial and credited by the jury in reaching its verdict, that Smith testified falsely that he did not sell methamphetamine or assist the methamphetamine distribution conspiracy. The issue of whether or not Smith sold methamphetamine or was involved in the conspiracy was obviously material. The district court found that Smith knowingly testified falsely, not as a result of confusion, mistake, or faulty memory. The court did not commit any error in enhancing Smith's sentence for obstruction of justice.

Finally, Smith contends that he was entitled to a downward adjustment in his offense level based upon his minor role in the conspiracy. "A defendant seeking a downward adjustment for his minor role in a criminal offense bears the burden of proving by a preponderance of the evidence that he is entitled to such adjustment." United States v. Nelson, 6 F.3d 1049, 1058 (4th Cir. 1993)(citation omitted). The standard of review for factual determinations, such as whether the appellant's conduct warrants a minor role sentencing reduction, is clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). A defendant who is only a "minor participant" in a criminal activity may have his

offense level reduced by two levels. USSG § 3B1.2(b). This applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5). However, the court should not only compare the defendant's culpability to that of the other participants, but also measure it against the elements of the offense of conviction. United States v. Reavis, 48 F.3d 763, 769 (4th Cir. 1995). "The critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991), vacated, 503 U.S. 931 (1992), reinstated, United States v. Kochekian, 977 F.2d 905 (4th Cir. 1992).

The Government presented evidence that Smith lived with Isom, sold methamphetamine, provided security and transportation services for the conspirators, and knew several other members of the conspiracy, including high-level distributors. The district court did not err in finding that Smith did not meet his burden of proving that his conduct was not material or essential to the conspiracy, based upon his close relationship with Isom and his interactions with other conspirators.

For the reasons stated above, we affirm the Appellants' convictions and sentences. We deny Missy Smith's motion for preparation of a transcript at government expense. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED