**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-4966**

—————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

ELIZABETH MOORE FRANKLIN,

             Defendant – Appellant.

—————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00143-NCT-1)

—————

Submitted:  May 4, 2009              Decided:  October 28, 2009

—————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Franklin pled guilty to conspiracy to violate the drug laws of the United States, in violation of 21 U.S.C. § 846 (2006). Franklin, who was part of a methamphetamine manufacturing conspiracy, admitted to unlawfully possessing pseudoephedrine knowing that it would be used to manufacture methamphetamine. The district court sentenced Franklin to forty-six months' imprisonment. Franklin appeals, arguing that the district court erred in failing to reduce her base offense level pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (2007) for being a minimal or minor participant. Finding no error, we affirm.

This court reviews the denial of a downward adjustment pursuant to USSG § 3B1.2 for clear error. United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001). Accordingly, we will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

According to USSG § 3B1.2, a defendant's base offense level may be decreased four levels if the defendant was a minimal participant in any criminal activity or two levels if the defendant was a minor participant. A minimal participant is one who plays a minimal role in concerted criminal activity.

2

USSG § 3B1.2(a) comment. (n.4). A defendant is a minimal participant if the defendant is "plainly among the least culpable of those involved in the conduct of a group." Id. A minor participant is one "who is less culpable than most other participants but whose role could not be described as minimal." USSG § 3B1.2(a) comment. (n.5). Further, a § 3B1.2 reduction is appropriate only if the defendant "plays a part in committing the offense that makes him substantially less culpable than the average participant." USSG § 3B1.2(a) comment. (n.3(A)).

Whether a USSG § 3B1.2 adjustment is appropriate "is to be determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction." Pratt, 239 F.3d at 646 (quoting United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991), cert. granted sub nom., judgment vacated, remanded on other grounds, Kochekian v. United States, 503 U.S. 931, reinstated, 977 F.2d 905 (4th Cir. 1992)). "The critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." Palinkas, 938 F.2d at 460.

3

Franklin contends that the district court denied her request for a § 3B1.2 reduction in violation of application note 3A, which permits a § 3B1.2 reduction even if a defendant is only held accountable for his or her own relevant conduct. Franklin's argument is without merit. First, the application note clarifies that § 3B1.2 permits, but does not require, a reduction if the defendant is only held responsible for his or her own relevant conduct. Second, Franklin's conduct was essential to the commission of the offense to which she pled guilty, and she was only held accountable for the quantity of pseudoephedrine which she personally purchased and provided. Pratt, 239 F.3d at 646. Moreover, because Franklin was not "substantially less culpable than the average participant" in the criminal activity who purchased pseudoephedrine, a distinction at sentencing between Franklin and other members of the conspiracy was not warranted. See USSG § 3B1.2 comment (n.3(A)); United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990). Therefore, the district court did not commit clear error in declining to grant Franklin a § 3B1.2 reduction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4