**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4823**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

JOSE DONILIO PINEDA,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:08-cr-00520-TSE-3)

Submitted:  January 28, 2011        Decided:  February 17, 2011

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jane C. Norman, BOND & NORMAN, Washington, DC, for Appellant. Neil H. MacBride, United States Attorney, Mary K. Daly, Daniel J. Grooms, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Donilio Pineda was convicted of engaging in the business of dealing in firearms without a license in violation of 18 U.S.C.A. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) (West 2000 & Supp. 2010) and was sentenced to thirty months of imprisonment. On appeal Pineda raises three issues: (1) whether he received ineffective assistance of trial counsel; (2) whether sufficient evidence supported his conviction; and (3) whether the district court erred by failing to grant him a two-level adjustment for having a minor role in the offense. See U.S. Sentencing Guidelines Manual ("USSG") § 3B1.2(b) (2008) (discussing "minor participant"). For the reasons that follow, we affirm.

First, Pineda alleges that his trial counsel provided ineffective assistance by failing to move to sever his trial from his codefendants and thereafter to have Pineda's brother and co-conspirator, Luis Kennedy Guzman, a/k/a "Kenny," testify on his behalf. Pineda fails to establish the demanding burden of showing ineffective assistance of counsel on direct appeal. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance

2

generally should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion.  United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994).

Next, Pineda alleges that his conviction was not supported by substantial evidence.  We review a denial of a motion for acquittal de novo.  United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005).  Where, as here, the motion was based on a claim of insufficient evidence, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.  Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862 (4th cir. 1996).  In making this determination, we consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established.  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  If evidence supports different, reasonable interpretations, the jury decides which interpretation to believe.  United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).  We find the trial revealed substantial evidence that Pineda sold, without a license, the four firearms at issue in his count of conviction (Count 2). Thus, the claim fails.

Finally, Pineda alleges that the district court should have given him a two-level downward adjustment for having been a

3

minor participant in the offense under USSG § 3B1.2(b). We find no clear error in the district court's determination that Pineda was not entitled to the reduction. See United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989) (providing review standard). While Pineda's role in the offense was less than his codefendants, he nonetheless failed to prove by a preponderance of the evidence that he was entitled to the adjustment. United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991) (giving proof standard), judgment vacated on other grounds by, Kochekian v. United States, 503 U.S. 931 (1992), op. reinstated by, United States v. Kochekian, 977 F.2d 905 (1992).

Accordingly, we affirm Pineda's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4