**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-5226**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RAYON ANTHONY COLEMAN,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:09-cr-00485-RBH-3)

—————————

Submitted:  January 31, 2011      Decided:  February 23, 2011

—————————

Before SHEDD and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington,
Kentucky, for Appellant.  William N. Nettles, United States
Attorney, Alfred W. Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rayon Anthony Coleman was found guilty by a jury of conspiracy to possess with intent to distribute 500 grams or more of cocaine (Count 1) and possession with intent to distribute 500 grams or more of cocaine (Count 2). He was sentenced to ninety-seven months of imprisonment on each count to run concurrently. On appeal, Coleman raises two sentencing issues: (1) whether the district court erred by failing to grant him a two-level downward adjustment because he was a "minor participant" under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.2(b) (2009); and (2) whether his sentence was unreasonable and greater than necessary under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010). For the reasons that follow, we affirm.

First, we review the denial of a downward adjustment pursuant to USSG § 3B1.2 for clear error. United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (providing standard). A defendant seeking a mitigating adjustment under § 3B1.2 bears the burden of proving by a preponderance of the evidence that he is entitled to the adjustment, United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999); United States v. Palinkas, 938 F.2d 456, 460 (4th Cir. 1991), judgment vacated on other grounds by, Kochekian v. United States, 503 U.S. 931 (1992), op. reinstated by, United States v. Kochekian, 977 F.2d 905 (4th Cir. 1992), and we find no clear error in the district court's

2

determination that Coleman failed to show he was a minor participant.

Second, Coleman alleges that his sentence was greater than necessary and therefore unreasonable. After <u>United States v. Booker</u>, 543 U.S. 220 (2005), we review a sentence for reasonableness using a "deferential abuse-of-discretion standard." <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007). We find that Coleman's sentence was reasonable. The court correctly calculated Coleman's advisory sentencing range, reviewed the § 3553(a) factors, and sentenced him within that range. We apply a presumption of reasonableness on appeal to a within-Guidelines sentence. <u>Rita v. United States</u>, 551 U.S. 338, 347 (2007); <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED