**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6114**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL RODNEY HOLMES,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Senior District Judge.  (1:05-cr-01253-MBS-1)

Submitted:  December 8, 2020                    Decided:  January 26, 2021

Before GREGORY, Chief Judge, NIEMEYER and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Samuel Rodney Holmes, Appellant Pro Se.  Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Rodney Holmes appeals the district court's order granting in part and denying in part his motion under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. He was convicted by a jury in 2007 of conspiracy to distribute 50 grams or more of cocaine base and distribution of five grams or more of cocaine base. The district court found his Guidelines range was 360 months to life and sentenced him to 360 months. On direct appeal, we concluded the court erred in calculating his criminal history category and applying an enhancement for obstruction; but we found the errors were harmless because even if they were corrected, his Guidelines range would remain 360 months to life. *United States v. Holmes*, 339 F. App'x 334, 337-38 (4th Cir. 2009).

In 2015, the district court granted Holmes' motion under 18 U.S.C. § 3582(c)(2) for reduction of his sentence based on Amendment 782, which lowered his base offense level and his Guidelines range to 324 to 405 months. The court had previously denied his request to correct the errors we identified on direct appeal in other § 3582(c)(2) motions. In 2016, his sentence was reduced by an Executive Grant of Clemency to 240 months, which was the mandatory minimum prison sentence that originally applied for the conspiracy.

In 2019, Holmes moved for relief under the First Step Act, requesting a sentence of time served and an opportunity to submit evidence as to his post-sentencing rehabilitation and the 18 U.S.C. § 3553(a) factors. The probation officer prepared an Amended Sentence Reduction Report finding his mandatory minimum sentence for the conspiracy had been reduced to 10 years in prison and 8 years of supervised release; but his Guidelines range remained 324 to 405 months. The district court granted a reduction of his supervised

2

release term but denied a reduction of his prison sentence because his "guidelines range of 324-405 months is greater than his current sentence of 240 months." On appeal, Holmes argued, among other things, the court should have corrected the errors we identified on direct appeal in calculating his Guidelines range and should have considered his post-sentencing rehabilitation. We previously ordered the parties to submit supplemental briefs addressing the appeal in light of *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020).

The Government argues that the errors we identified on direct appeal do not have to be corrected under *Chambers* because they are not retroactive, and we already declined to correct them on direct appeal. However, we conclude that they should now be corrected in light of *Chambers* because they were errors at the time of the original sentencing.

Accordingly, because the district court did not have the benefit of *Chambers* when it decided Holmes' First Step Act motion, we vacate the court's order and remand for its reconsideration after recalculating the Guidelines range in accordance with *Chambers* and considering Holmes' post-sentencing conduct. We deny the motion to appoint counsel on appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*